UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| JOHN MATTOX, et al., | : | Case No. 1:05cv2325 |
| | : | |
| Plaintiffs, | : | JUDGE KATHLEEN O'MALLEY |
| | : | |
| v. | : | |
| | : | |
| VILLAGE OF GENEVA ON THE LAKE, et al., | : | |
| | : | ORDER |
| Defendants. | : | |
| | : | |

Pending before the Court is a motion filed by *pro se* Plaintiffs John and Cheryl Mattox for an order directing Defendant Village of Geneva on the Lake to release the last known address of three former Geneva on the Lake police officers named as defendants in this matter. (Doc. 9). Plaintiffs wish to obtain these addresses in order to effectuate service on those three defendants. Defendants have filed a brief in opposition (Doc. 10), arguing that disclosure of such information is prohibited by O.R.C. § 149.43(A)(1)(p), and that it possibly implicates the former officers' constitutional right to privacy under the Fourteenth Amendment of the United States Constitution. *See Kallstrom v. City of Columbus*, 136 F.3d 1055 (Fed. Cir. 1998). This issue was discussed at the Case Management Conference in this matter, at which time the Court indicated it would conduct further research on this question. It was again discussed at a status conference with the parties on December 13, 2006. After unsuccessfully attempting to reach a compromise for the voluntary release of alternative identifying information, the Court must now address whether Defendants are required to provide the specific information requested.

Section 149.43 of the Ohio Revised Code pertains to public records requests made by members of the general public. It provides that all public records must be promptly prepared and made available for inspection, and it also provides a cause of action in mandamus for aggrieved parties. O.R.C. § 149.43(B)(1), (C). In addition, the statute defines what is not a public record for purposes of the statute. Among the types of records that are not public records are "Peace officer, firefighter, or EMT residential and familial information." O.R.C. § 149.43(A)(1)(p). That category of information is further defined as "(a) Any information maintained in a personnel record of a peace officer, firefighter, or EMT that discloses any of the following: (i) The address of the actual personal residence of a peace officer, firefighter, or EMT . . ." O.R.C. § 149.43(A)(7)(a)(i).

Defendants argue that these sections prohibit the release of the former officers' last known addresses. The Court disagrees. Leaving aside whether the statute applies to <u>former</u> as well as current officers, the statute does not prohibit the release of the records in this context. In *Henneman v. City of Toledo*, 520 N.E.2d 207 (Ohio 1988), the Ohio Supreme Court held that O.R.C. § 149.43 does not provide an absolute privilege against discovery requests in civil litigation. In that case, a plaintiff in a civil suit against the City of Toledo for excessive use of force by one of its police officers sought to discover materials that the City of Toledo contended were protected by O.R.C. § 149.43.[1] In rejecting the city's contention, the Ohio Supreme Court stated that

> Appellee herein is not contending that the records she requests must be made available to her as a member of the general public. R.C. 149.43(A)(2) only operates

---

[1] In that case, the plaintiff sought records of the police department's internal affairs investigation of the incident giving rise to the lawsuit. Section 149.43 contains a specific exception for "confidential law enforcement investigatory records," which is the section upon which the City of Toledo relied and the section that was at issue in that case. Although the specific exception to the public records request statute is different in this case, the holding in *Henneman* is equally applicable in this context.

2

> to exempt the records described therein from the requirement of availability to the general public on request. It does not protect records from a proper discovery request in the course of litigation, if such records are otherwise discoverable. Thus, R.C. 149.43 is not dispositive.

*Id.* at 211; *see also Springfield Local School Dist. Bd. of Ed. v. Ohio Ass'n of Public School Employees, Local 530*, 667 N.E.2d 458, 468 (Ohio Ct. App. 1995) ("the provisions [of section 149.43] protect only against access to the general public. They do not necessarily protect against disclosure in the course of litigation upon a proper discovery request, if the information is otherwise discoverable.")

Likewise, in the present case, Plaintiffs are not making a request as members of the general public; rather, they seek this information in the course of litigation. The public records request statute, therefore, does not bar release of the records.

In this instance, moreover, the Court finds that Plaintiffs' need for this information outweighs the public interest in the confidentiality of the records. Plaintiffs have an express need for this information, which is to attempt to serve these individual defendants. In addition, Plaintiffs have been unable to obtain the information from any other source, even after efforts by both parties to attempt to do so. Further, Plaintiffs are instructed that they may use the last known addresses of these former officers only to aid in serving these officers, and <u>for no other purpose</u>. Violation of that directive will result in sanctions. Given the very limited use that Plaintiffs can make of the requested information, therefore, the Court finds that there is little or no risk of the danger that O.R.C. §

149.43(A)(1)(p) was meant to avoid.[2]

Accordingly, the Village of Geneva on the Lake is hereby **ORDERED** to release the last known addresses <u>only</u> of former officers Triviolo, Sinbauh, and Kraus. Plaintiffs are also **WARNED** that any use of these addresses other than to effectuate service of process in this case will result in sanctions.

      **IT IS SO ORDERED.**

                                                  s/Kathleen M. O'Malley
                                                  KATHLEEN McDONALD O'MALLEY
                                                  UNITED STATES DISTRICT JUDGE

**Dated: December 20, 2006**

---

[2] For many of the same reasons, release of this information does not implicate the former officers' constitutional liberty interest as preserved by the Due Process Clause of the Fourteenth Amendment. In *Kallstrom*, the case Defendants cite for this proposition, the Sixth Circuit held that police officers' constitutional liberty interest was implicated when a city released the undercover officers' addresses, phone numbers, drivers licenses, as well as the personal information of the officers' family members, to defense counsel for a criminal gang with a known propensity for violence that was the subject of the officers' investigation. *Kallstrom*, 136 F.3d at 1062-64. In that case, the Court found that the officers' liberty interest was implicated because the release of the information threatened the officers' personal security and bodily integrity and subjected them to a substantial risk of bodily injury. *Id.* at 1064. Unlike in *Kallstrom*, there is nothing to indicate that release of the former officers' last known addresses will subject them to any danger, substantial or otherwise.